UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| KAREN NOLAN, )<br>)<br>   Plaintiff )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social Security, )<br>)<br>   Defendant ) | Docket No. 07-180-P-S |

### RECOMMENDED DECISION ON MOTION TO DISMISS

The defendant has moved to dismiss this appeal from the dismissal of the plaintiff's request for a hearing before an administrative law judge on her application for Social Security Disability (SSD) benefits. I recommend that the court deny the motion.

The plaintiff filed an application for SSD benefits on April 6, 2006. Affidavit of Plaintiff Karen Nolan ("Plaintiff's Aff.") (Attachment 1 to Response to Defendant's Motion to Dismiss ("Opposition") (Docket No. 7)) ¶ 2. She was not represented by an attorney or any other representative. *Id*. The claim was denied on June 2, 2006 and on June 26, 2006 the plaintiff filed a request for reconsideration. *Id*. She never received notice that this request had been denied. *Id*. ¶ 3. She is separated from her husband and involved in divorce proceedings, as she has been since a time before she requested reconsideration. *Id*. ¶ 6. In November 2006 she retained her current attorney, Francis M. Jackson, to represent her in connection with her application for benefits; this was the first time she had a representative for this claim. *Id*. ¶ 4. On December 4, 2006 her attorney received a response to his inquiry to the local Social Security office about the request for reconsideration.

1

Affidavit of Francis M. Jackson (Attachment 4 to Opposition) ¶ 3. The response included a copy of a notice of denial of reconsideration dated July 27, 2006 that had been mailed to the plaintiff. *Id*.

By letter dated January 12, 2007, about 40 days after his receipt of the copy of the notice of denial, the plaintiff's attorney submitted a request to the local Social Security office to allow the filing of a late request for hearing and a finding of good cause for the late filing. *Id*. ¶ 6. By an order of an administrative law judge received by the attorney on March 22, 2007, the request for a hearing was dismissed as untimely. *Id*. ¶ 7. The attorney appealed the dismissal to the Appeals Council, which declined to review the dismissal. *Id*. ¶ 8. The attorney filed the instant action within 60 days of the Appeals Council action. *Id*. ¶ 9.

The plaintiff's mailing address has not changed since before she filed the request for reconsideration. Plaintiff's Aff. ¶ 7. She has never authorized anyone to forward her mail from that address to any other address. *Id*. ¶ 8. On occasion mail addressed to the plaintiff has nonetheless been forwarded to her husband's post office box in another Maine town, to which the plaintiff does not have access. *Id*. ¶ 7. The plaintiff has attempted to have her forwarded mail returned to her address, but the postal service will not do this. *Id*. ¶ 9. The postmaster in Camden, Maine, where the plaintiff has lived at all relevant times at the same address, has confirmed that she has experienced problems with unauthorized forwarding of her mail and has unsuccessfully made two attempts to stop the forwarding. Affidavit of Bradley J. Enna (Attachment 2 to Opposition) ¶¶ 3-5.

The defendant contends that 42 U.S.C. § 405(g) provides the exclusive jurisdictional basis for court review of Social Security claims and that, by filing a request for a hearing more than 60 days after the presumed receipt of the denial of her request for reconsideration, as required by 20 C.F.R. § 404.933(b)(i), the plaintiff has failed to exhaust her administrative remedies and may not proceed with an appeal in this court. Defendant's Motion to Dismiss Plaintiff's Complaint ("Motion") (Docket

No. 6) at 2-7. He acknowledges that 20 C.F.R. §§ 404.909(b) and 404.911 allow for an extension of time to seek a hearing upon a showing of good cause.[1] *Id*. at 7. However, because the plaintiff received the notice of the initial denial of her application at her address "with no incident," the notice of denial of the request for reconsideration was not returned by the postal service, and "all notices sent to plaintiff were also sent to her attorney," the defendant asserts, she has not demonstrated good cause for relief from the filing deadline. *Id*. at 7-8. In addition, the defendant suggests, his decision on this issue is not reviewable by the courts, because "[c]ourts may not excuse a plaintiff's failure to present his claim to the agency." *Id*. at 7 n.3.

The defendant's reliance on the assertion that the notice in question was sent to the plaintiff's attorney is simply wrong. The plaintiff had no attorney in connection with this claim until November 2006, long after the notice of denial was presumably mailed on or about its date of July 27, 2006.

The plaintiff responds that this court has jurisdiction over her appeal because she has raised a colorable constitutional claim, one of denial of due process, which is a recognized exception to the exhaustion requirement. Opposition at 3. A court may review a decision of the commissioner that is not a "final decision" within the meaning of section 405(g) when the claimant challenges the decision on constitutional grounds. *Califano v. Sanders*, 430 U.S. 99, 109 (1977). I agree that the plaintiff has asserted a colorable constitutional claim. In addition, as a practical matter, there is and never was any further administrative relief that the plaintiff could "exhaust" once she missed the 60-day deadline for seeking a hearing before an administrative law judge through no fault of her own. Failure to receive the defendant's notice constitutes good cause for failing to file a timely request for a hearing by the defendant's own regulation. 20 C.F.R. § 404.911(b)(7). Where a claimant makes a reasonable showing that she did not in fact receive the defendant's notice within the applicable period, the burden

---

[1] For a more extensive discussion of the statutory and regulatory language applicable to the circumstances of this case, *see Ritchie v.*
(*continued on next page*)

shifts to the commissioner to show actual delivery. *McCall v. Bowen*, 832 F.2d 862, 864 (5th Cir. 1987).

In his reply memorandum, the defendant contends that the plaintiff has "fail[ed] to rebut the presumption that she did [] receive the notice of reconsideration denial." Defendant's Reply to Plaintiff's Response To The Motion to Dismiss Plaintiff's Complaint (Docket No. 9) at 4. This is so, he asserts, because the notice was mailed to her address in Camden and not returned by the postal service and, despite her awareness of her difficulties in receiving properly-addressed mail, "she made no provisions to have her mail sent to an address at which she could be assured of delivery." *Id.* at 4-5. To suggest that the plaintiff was required as a matter of law to find another address at which she could receive mail given the postal service's inability to deliver her mail correctly before she can demonstrate "good cause" for her failure to file a timely request is rather breathtaking. The defendant next asserts that the plaintiff has failed "to explain [the] discrepancy" between her admitted receipt of the initial denial at her Camden address and her asserted failure to receive the notice of denial of her request for reconsideration at the same address. *Id.* at 5. To the contrary, the plaintiff has explained that "discrepancy" very well. The plaintiff here is not "merely asserting a late delivery of the notice" as the defendant suggests. *Id.* at 6. She has provided sworn evidence that she did not receive the notice at all, with support from the Camden postmaster. She has quite clearly rebutted any presumption that she received the relevant notice. The commissioner has, however, not met his burden to demonstrate that she actually did receive the notice. Nor am I convinced that the plaintiff has not stated a due process claim, as the defendant argues, merely because the administrative law judge and the Appeals Council "found no good cause" to extend the filing deadline. *Id.* at 8. No administrative

---

*Apfel*, 1999 WL 1995198 (D. Me. Mar. 11, 1999).

agency may decide whether its own actions or decisions are constitutional; that is the exclusive province of the courts.

As the court stated in *Matsibekker v. Heckler*, 738 F.2d 79 (2d Cir. 1984), in a case in which a Social Security claimant asserted that he never received notice of the Appeals Council's action, which had been sent to him by certified mail, *id*. at 80:

> [T]his is not a case where a federal court is extending the 60 day period. Rather, we are determining whether that 60 day period has expired, and to do so we must first ascertain when the period began to run — *i.e.*, when appellant received notice of the Appeals Council decision. Other courts that have previously considered this issue agree that it is within the district court's jurisdiction to determine whether the 60 day statute of limitations has run and, in particular, whether the claimant has made a "reasonable showing to the contrary" to rebut the presumption of receipt within five days of notice.

*Id.* at 81-82.

Like the Second Circuit, I conclude that the plaintiff complied with the 60 day statute of limitations when she filed her request for a hearing on January 12, 2007. Accordingly, I recommend that the defendant's motion to dismiss be **DENIED**.[2]

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

---

[2] If the court adopts my recommended decision, the plaintiff's motion for leave to submit affidavits "in the event that the court decides to convert the Defendant's pending motion to a motion for summary judgment[,]" Plaintiff's Motion . . . for Relief, etc. (Docket No. 8) is moot.

5

Dated this 8th day of February, 2007.

                                          /s/ David M. Cohen
                                          David M. Cohen
                                          United States Magistrate Judge